IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RUDOLF DUSEL,** and all other similarly situated persons )<br><br>Plaintiff, )<br><br>vs. )<br><br>**FLAT CREEK TRANSPORTATION, LLC** )<br><br>Defendant. ) | CIVIL ACTION NO.:<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT

### I.  JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201 and 2202. This is a suit authorized and instituted pursuant to the Worker Adjustment and Retraining Notification Act known as the "WARN ACT". 29 U.S.C. §2101- 09 et seq. The case seeks class action status for all employees who were affected by the closing of Flat Creek Transportation, LLC on or about March 7, 2022 without sixty days' notice. This case is for all employees wherever so located who were terminated and/or laid off without sixty days' notice, as required by statute.

### II.  PARTIES

2. Plaintiff, Rudolf Dusel, is a citizen of the United States, and a resident of the State of Alabama. Mr. Dusel is a former full-time Driver for Flat Creek Transportation, LLC, that is purportedly no longer in business.

3. Defendant, Flat Creek Transportation, LLC ("Defendant" or "Flat Creek") is a limited liability company incorporated to provide transportation services throughout the country, with a single terminal located in Kinston, Coffee County, Alabama and whose registered agent is located in Opp, Covington County, Alabama. Flat Creek has claimed in communications to now former employees that it is dissolving, but appears to currently remain active based on the information available on the website of the Alabama Secretary of State.

4. The Defendant company is subject to suit pursuant to the provisions of the Act of Congress known as "Worker Adjustment Retraining Notification Act" 29 U.S.C § 2101 (1994) et seq. Defendant Flat Creek is "a business enterprise" that employed 100 or more full time employees at the time of the plant closing. 29 U.S.C. §2101(a).

### III. CLASS ALLEGATIONS

5. This is an action on behalf of the named Plaintiff and all putative class members who were employed by Flat Creek in various jobs as part of its trucking operation located in Kinston, Coffee County, Alabama. Dusel, sues on behalf of himself, and on behalf of all other similarly situated individuals previously employed by Flat Creek, who were separated from their employment without warning on March 7, 2022.

6. Dusel and at least fifty others formerly employed by Flat Creek in Coffee County, Alabama, lost their employment when Flat Creek terminated their employment without providing any notice, much less the required sixty-days' notice.

7. The class is comprised of all persons formerly employed by Flat Creek who were separated from employment with less than sixty-days' notice. Flat Creek closely

monitored and supervised these employees on a continual basis and had means to alert them of any facility closure or cessation of operations.

## IV.   STATEMENT OF FACTS

8.   The Plaintiff re-alleges and incorporates by reference paragraphs 1- 7 above with the same force and effect as if fully set out in specific detail hereinbelow.

9.   On March 7, 2022, Flat Creek announced to its employees that it was dissolving and proceeded to immediately terminate over fifty employees.

10.   As a result of Flat Creek's announcement, more than fifty employees who worked full-time for Flat Creek were separated from their employment without being given a sixty-day notice.

11.   Flat Creek terminated these employees with no regard for the statutorily required warning period. Flat Creek was the decision-maker that eliminated these jobs and caused the unemployment without sixty-days' notice in violation of 29 U.S.C. §2101- 09 et seq.

## V.   CLASS ALLEGATIONS

### A.   CLASS DEFINITION

12.   The Representative Plaintiff sues on behalf of himself and on behalf of all other similarly-situated employees employed by Flat Creek where there were more than one hundred employees. The Representative Plaintiff is member of the class he seeks to represent. The class consists of former employees of Flat Creek who lost their employment without being given proper notice and benefits under the Worker Adjustment and Retraining Notification Act.

### B.   COMMON QUESTIONS OF LAW AND FACT

13.   The prosecution of the claims of the Representative Plaintiff requires adjudication of numerous questions of law and fact common to their individual claims and those of the putative class he seeks to represent. The common questions of law, inter alia, include whether the Defendant has failed to give the statutory notice required by the Worker Adjustment and Retraining Notification Act.

### C.   TYPICALITY

14.   The claims of the Representative Plaintiff are typical of those of the members of the class. The Representative Plaintiff and all class members have been and are similarly adversely affected by the corporate decision to end domestic transportation services within the United States. Specifically, the representative claim, like those of the class members, arises out of Defendant's decision to separate over fifty employees without sixty-days' advance notice to the affected parties.

15.   The failure to issue the required sixty-day notice affects the employees and the class they seek to represent in the same way.

16.   Defendant failed to implement adequate procedures to prevent and/or correct this practice and failed to comply with applicable law.

17.   The relief necessary to remedy the claims of the Representative Plaintiff is the same relief that is necessary to remedy the claims of the putative class members in this case. The Representative Plaintiff seeks the following relief for individual claims and class claims asserted herein: (1) a declaratory judgment that Defendant failed to issue the proper WARN ACT notice; (2) a permanent injunction against future violations; (3) all

equitable relief allowed under the statute including back pay for up to sixty days per class member, plus benefits, and (4) attorneys' fees, costs, and expenses.

### D.   NUMEROSITY AND IMPRACTICABILITY OF JOINDER

18.   The class that the Representative Plaintiff seeks to represent are too numerous to make joinder practicable. The proposed class consists of fifty or more former Flat Creek employees who were separated from employment without the statutorily required sixty-day notice.

### E.   ADEQUACY OF REPRESENTATION

19.   The Representative Plaintiff will fairly and adequately protect the interests of the class inasmuch as they are broadly representative, as reflected in the preceding paragraphs. The Representative Plaintiff has no conflicts of interest present with the members of the class they seek to represent because the class members would benefit from the imposition of a remedy. The Representative Plaintiff has retained counsel experienced in litigating class actions, and who are prepared and able to meet the time and fiscal demands of class action litigation of this size. The combined interest, experience, and resources of the Representative Plaintiff and counsel to litigate competently the WARN ACT claims to satisfy the adequacy of representation requirement under Fed. R. Civ. P. 23(a)(4).

### F.   CERTIFICATION IS SOUGHT PURSUANT TO FED. R. CIV.P. 23(b)(2)

20.   The common issues of fact and law affecting the claims of the Representative Plaintiff and proposed class members, including, but not limited to, the

common issues identified in paragraphs 1-21 above, predominate over any issues affecting only individual claims.

21. Flat Creek has acted on grounds generally applicable to the named Plaintiff and the proposed class by making business decisions resulting in a plant closing, as defined by the WARN Act, without the required sixty-day notice.

22. Flat Creek refused to act on grounds generally applicable to the class by: (1) refusing to provide sixty days' notice prior to the plant closing.

23. The equitable relief and declaratory relief are the predominate relief sought because they are both the cumulation of the proof of the Defendant's individual and class-wide liability at the end of Stage I of a bifurcated trial and the essential predicate for the named Plaintiff and class members entitlement to monetary and nonmonetary remedies at Stage II of such a trial.

24. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of the plant closing caused by Flat Creek. Such relief is the factual and legal predicate for the named Plaintiff's and the class members' entitlement to a remedy.

25. A class action is superior to other available means for the fair and efficient adjudication of the claims of the named Plaintiff and members of the proposed class.

26. The costs of proving the Defendant's violations make it impracticable and illogical for the named Plaintiff and members of the proposed class to prosecute their claims individually.

27. Flat Creek failed to give the required sixty-day notice and benefits under the WARN ACT prior to the plant closing which caused over fifty employees to be separated from their employment, thereby depriving the Representative Plaintiff and the putative class of their federally protected rights.

## VI. COUNTS

### COUNT I
### VIOLATION OF THE FEDERAL WARN ACT

28. The Plaintiff re-allege and incorporate by reference paragraphs 1-27 with the same force and effect as if fully set out in specific detail hereinbelow.

29. Flat Creek violated the WARN Act with respect to the Plaintiff and the putative class by failing to give 60 days' advance notice as required prior to a plant closing. 29 U.S.C.§ 2101 et seq.

30. Immediately prior to the plant closing, Flat Creek employed the Plaintiff and the putative class in its transportation business.

31. Flat Creek made business decisions that resulted in the plant closing without sixty-days' notice.

32. In excess of fifty employees, excluding part-time employees, were separated from their employment as a result of the plant closing.

33. Dusel and the putative class did not receive a full sixty-days' notice prior to their last day of work.

34. Flat Creek was the decision maker with respect to the uniform decision to lay-off the majority of its employees which occurred without sixty-days' notice in the Flat Creek controlled facility.

35. The Plaintiff and the class he seeks to represent have no other plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, lost benefits, a declaratory judgment is their only means of securing adequate relief.

## VII.  **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violate the rights of the Plaintiff, and the putative class as secured by Worker Adjustment Retraining Act 29 U.S.C § 2101 (1994), et seq.

b. Assess any appropriate civil penalty of not more than $500 per day per site for each day of the violation for failure to pay each aggrieved employee the amount for which the employer is liable. 29 U.S.C. §2104(3).

c. Enter an Order requiring the defendant to make the Plaintiff whole by awarding the class the maximum benefits allowed by the WARN act.

d. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, prejudgment interest, and expenses.

Respectfully submitted this 24th day of May, 2022.

/s/ Harry P. Hall, II

Harry P. Hall, II (ASB-1371-L71H)
Ashton H. Ott (ASB-7085-E58A)
Ernest H. Hornsby (ASB-3273-R77E)
*Counsel for Plaintiff*

OF COUNSEL:
FARMERPRICE LLP
100 Adris Place
Dothan, Alabama 36303
(334) 793-2424
harry@farmerprice.com
ashton@farmerprice.com
ernie@farmerprice.com

## JURY DEMAND

The Plaintiff and the putative class demand a trial by jury on all claims.

/s/ Harry P. Hall, II

Harry P. Hall, II

**SERVE DEFENDANT AT:**

Charles D. Patterson, Registered Agent
Flat Creek Transportation, LLC
15130 Charolais Rd.
Opp, AL 36467